UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MEL THOMPSON | : | CASE NO.: 3:13-cv-00386 (JCH) |
| | : | |
| v. | : | |
| | : | |
| OCWEN FINANCIAL CORP., ET. AL. | : | APRIL 11, 2013 |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

The Defendants, Hunt Leibert Jacobson, P.C. ("the firm") and Geoffrey Milne ("Milne"), submit this Memorandum of Law in support of their Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This is not the first complaint filed by the Plaintiff regarding this loan.  It has been the subject of three previous lawsuits, Mel Thompson v. Wachovia Corp., et al., No. 3:06-cv-595 (SRU), Mel Thompson v. Barclays Capital Real Estate, Inc., d/b/a Barclays Homeq Servicing, No. 3:10-cv-317 (AWT), and Thompson v. Accent Capital, et al, 2011 U.S. Dist. Lexis 92090 (D. Conn.), affirmed, 491 Fed. Appx. 264 (2012). The last suit, in which the first named Defendant was Accent Capital, included Ocwen Loan Servicing, LLC as a Defendant, was dismissed by the District Court on statute of limitations grounds under Fed. R. Civ. P. (6), stating:

> Thompson alleges against all defendants other than Accent and Riordan an assortment of tort claims, i.e., negligence, defamation, misrepresentation and fraud, and/or CUTPA claims. The motion to dismiss is being granted because, for the reasons discussed above with respect to the motion to remand, the tort and CUTPA claims against defendants Deutsche, Ocwen and Morgan Stanley are time barred even if the limitations period did not begin to run until November 2007. In addition, because the issue of fraudulent concealment also relates to non-appearing defendants Barclays and New Century, the court sua sponte dismisses the claims against them as time barred. See Wachtler v. County of Herkimer, 35 F.3d 77, 82 (2d Cir. 1994)(no error when district court sua sponte dismissed complaint against non-appearing party).

Thompson v. Accent Capital, 2011 U.S. Dist. LEXIS 92090 (D. Conn. Aug. 18, 2011).

The Second Circuit Court of Appeals affirmed the merits based dismissal on November 21, 2012. This suit was filed about five months later, and essentially challenges an assignment of mortgage recorded on May 13, 2010, and further continues to allege time barred tort claims. At the time this suit (Mr. Thompson's fourth suit on this loan transaction) was filed, Mr. Thompson was in a pending Chapter 7 Bankruptcy proceeding, which still remains pending. See, 3:11-BK-32924. Mr. Thompson received a bankruptcy discharge on July 31, 2012. A copy of the Docket Report is attached hereto as **Exhibit A**.

"In evaluating a motion to dismiss, the court may consider the complaint, any documents incorporated into the complaint by reference, and public records." In re Payment Card Interchange Fee Litigation, No. 05-MD-1720, 2008 WL 115104, at *8 (E.D.N.Y. Jan. 8, 2008) (citing Blue Tree Hotels Inv. (Canada) Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004))[1]. A court may consider transcripts of prior judicial proceedings, which are public records. Locicero v. Leslie, 948 F. Supp. 10, 12 (D. Mass. 1996).

The first case, Thompson v. Wachovia, concluded in two settlement agreements with Homeq. The first settlement resulted in a stipulation of dismissal on August 30, 2006 (see August 26, 2006 Stipulation of Dismissal, attached as **Exhibit C**) and, after a motion to reopen by the Plaintiff, again on March 7, 2007. The Plaintiff filed a stipulation of dismissal with prejudice on that same date, which the Court, the Honorable Stefan R. Underhill, U.S.D.J. followed with entry of an order dismissing the action with prejudice. (See March 7, 2006 Stipulation of Dismissal, attached as **Exhibit D**). The Plaintiff then sought again on

---

[1] All unreported cases are attached hereto as **Exhibit B**.

2

May 29, 2007 to reopen the case despite the dismissal, and sought leave to amend his complaint. Judge Underhill dismissed the amended complaint on March 6, 2008 on the grounds that the case before him was closed and he therefore lacked jurisdiction.

Notwithstanding his settlement and release, the Plaintiff filed suit again against Homeq in the second action, Thompson v. Barclays Capital, alleging violation of the FDCPA and other state claims. While this latter action was still pending before this Court, the Plaintiff filed suit yet again. The complaint sought to hold every subsequent participant in the ownership and servicing of the Plaintiff's loan responsible for alleged fraudulent actions by his initial mortgage broker, Accent Capital, in the acquisition of the loan, which suit was dismissed by the District Court (Thompson, J.), on August 22, 2011. The Second Circuit Court of Appeals affirmed the dismissal in a written decision on November 21, 2012.

The current suit alleges the following causes of action against the firm and Milne:

Count One: an alleged violation of 15 U.S.C. §1692D, based upon a purported "fraudulent assignment" dated May 11, 2010 (Complaint, para. 9 and Count One);

Count Two: a violation of 15 U.S.C. §1692E, based upon a purported "fraudulent assignment" dated May 11, 2010 (Complaint, para. 9);

Count Three: an alleged violation of 15 U.S.C. §1692F (based upon an enforceable security interest);

Count Four: an alleged violation of 15 U.S.C. §1692G, based upon conduct which occurred on July 27, 2010 (Complaint, para. 103 and 104);

Count Five: an unfair trade practice based upon the incorporation of all prior Counts;

Count Six: Fraud (by incorporating all prior Counts);

Count Seven: Negligence (by incorporating all prior Counts);

Count Eight: Slander of Title (by incorporating all prior Counts).

### a. Mel Thompson's Bankruptcy

On November 21, 2011, Melvin Thompson filed a Chapter 7 case, which remains pending (Case No.: 11-32924). The Chapter 7 Trustee is Barbara H. Katz. The Chapter 7 Trustee has not abandoned any claims or the subject property. On or about March 20, 2013, Melvin Thompson filed a complaint against, inter alia, Hunt Leibert Jacobson, P.C. and Geoffrey Milne. The Complaint alleges various state law and Fair Debt Collection Practices Act violations. There is no foreclosure case pending against Melvin Thompson. Mr. Thompson did file a suit against a series of lenders regarding the first mortgage lien on his property, which suit was dismissed by the District Court (Thompson, J.), on August 22, 2011. The Second Circuit Court of Appeals affirmed the dismissal in a written decision on November 21, 2012. Part of the decision affirmed by the Second Circuit was that all of the claims were barred by the statute of limitations. Undeterred by those rulings, Mr. Thompson has filed the instant case.

At no point in time during the bankruptcy did the debtor, Thompson, obtain an order from the Trustee that she abandoned any claims or interests in the real estate or the bankruptcy estate. As set forth under 11 U.S.C. §554(d), unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate.

### II.    LAW AND ARGUMENT

#### A.    MELVIN THOMPSON HAS NO STANDING TO PROSECUTE THIS CASE.

Movants, Hunt Leibert & Jacobson, P.C. and Milne contend that Thompson has no standing to prosecute this case. A lack of standing goes to subject matter jurisdiction and is

4

properly raised through a Fed. R. Civ. P. 12(b)(1) motion to dismiss. Alliance Environmental Renewal, Inc. v. Pyramid Crossgates Co., 436 F.3d 82, 89 (2nd Cir. 2006). Dismissal of a cause of action is mandatory when a court lacks the statutory or constitutional power to adjudicate it. Makarova v. United States, 201 F.3d 110, 113 (2nd Cir. 2000). A plaintiff responding to a motion to dismiss raising a challenge to subject matter jurisdiction needs to demonstrate, by a preponderance of the evidence, that the Court has jurisdiction. Malik v. Meissner, 82 F.3d 560, 562 (2nd Cir. 1996). Evidence outside of the pleadings may be considered to resolve disputed facts involving jurisdiction. The standard for granting motions to dismiss under Fed. R. Civ. P. 12(b)(1) or 12(b)(6) are identical. See, Jaghory v. New York State Dept. of Educ., 131 F.3d 326, 329 (2d Cir. 1997).Grasso v. Groton Long Point Ass'n, 2001 U.S. Dist. LEXIS 14339 (D. Conn. June 5, 2001).

  B. ANY CLAIMS REMAIN PROPERTY OF THE BANKRUPTCY ESTATE.

  A cause of action is an asset of a bankruptcy estate, regardless of whether the plaintiff schedules it on his petition. Correll v. Equifax Check Services, Inc., 234 B.R. 8, 10 (D. Conn. 1997). Causes of action that accrue after the filing of a bankruptcy petition are included in the bankruptcy estate if they accrue before termination of the bankruptcy proceeding. 11 U.S.C. §541(a)(7); In Re Cottrell, 876 F.2d 540 (6th Cir. 1989). A debtor may not pursue a cause of action accruing before or during the bankruptcy proceeding unless it has been abandoned by the bankruptcy estate. Seward v. Devine, 888 F.2d 957 (2nd Cir. 1989); 11 U.S.C. §554. In this case, the debtor has not listed any causes of action on his bankruptcy schedules. Assets or property not listed on a bankruptcy schedule can never be abandoned without notice and a hearing. Hutchins v. IRS, 67 F.3d 40, 43 (3rd Cir. 1995). The only party with standing to sue is the trustee, not the chapter 7 debtor. Olick v. Parker & Parsely

Petroleum Co., 145 F.3d 513, 515-516 (2nd Cir. 1998). Accordingly, this case should be dismissed in its entirety.

### C. THE CURRENT CLAIMS ARE BARRED UNDER THE DOCTRINE OF COLLATERAL ESTOPPEL AND RES JUDICATA.

It is proper for a court to determine whether a complaint is foreclosed by res judicata on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Ursini v. Valley Bank, No. 3:07-cv-00490, Judge Alfred Covello (D. Conn, February 7, 2008). In assessing the viability of a res judicata defense, a district court is permitted to take judicial notice. Island Software and Computer Services., Inc., v. Microsoft Corp., 413 F.3d. 257, 261 (2nd Cir. 2005); Ursini v. Valley Bank, No. 3:07-cv-00490, Judge Alfred Covello (D. Conn, February 7, 2008). Res judicata is a doctrine which provides finality when a judgment has been entered on the merits of a case, and is binding on parties to the case, *and those in privity with them.* Nevada v. United States, 463 U.S. 110, 130 (1982). Connecticut has also adopted the same rule. Aetna v. Jones, 220 Conn. 285 (1991) (abolishing the mutuality of parties requirement).

This Court may take judicial notice of the District Court decision in Melvin Thompson v. Accent Capital, Case No. 3:11-cv-00069 (AWT) dismissing the Thompson suit against Accent Capital, Terrence Riordan, Barclays Capital Real Estate d/b/a Homeq, New Century Mortgage, Deutsche Bank, Ocwen Loan Servicing, LLC and Morgan Stanley. That decision was then affirmed by the Second Circuit Court of Appeals on November 21, 2012. The suit, dated December 7, 2010, alleged fraud, negligence, and unfair trade practice[2], which causes of action were all determined to be time barred.

---

[2] According to the allegations of the Complaint,[2] Deutsch Bank purchased the mortgage submitted from New Century and Accent Capital, (Pl. Compl. at ¶ 187), and Ocwen purchased the mortgage from Deutsche Bank (Id. at ¶ 196). Morgan Stanley "provided liquidity" the originator of the loan, New Century. (Id. at ¶ 211.) The Plaintiff's claims against the Defendants all stem back to the original mortgage transaction which he entered into in 2003 (See Pl. Compl. in Thompson v. Barclay's Capital Real Estate, Inc., No. 3:10-CV-00317

6

The factual predicate for all Counts of this action stem from a purportedly fraudulent assignment dated May 11, 2010, which was recorded on the land records, or a claim that the security interest (which was obtained in 2003), is void ab initio [See 7th paragraph and Third Count, para. 90-93 and prayer for relief]. The December 7, 2010 suit was free to incorporate those allegations, and in fact argued that the loan transaction could not be enforced. Mr. Thompson cannot use the May, 2010 assignment of mortgage (which was recorded on the land records before he filed his prior suit), as an avenue to avoid application of res judicata. This Court should not allow Mr. Thompson a second opportunity to litigate claims he already lost, and which he had the opportunity to raise in the first case. In fact, Judge Thompson allowed Mr. Thompson to amend his claims after they were dismissed, *but he failed to amend.* [See, Judge Alvin Thompson's Ruling on Motion to Dismiss Complaint, dated August 18, 2011, attached hereto as **Exhibit E**]. All claims are barred under the doctrine of res judicata and collateral estoppel, because the dismissal of the 2010 suit was a merits based

---

(AWT) at ¶ 6).Count Eighteen of the Complaint purports to plead a count of fraud against the Defendant Deutsche Bank. The Plaintiff claims that Deutsche Bank accepted his mortgage application, which allegedly contained "false information" regarding Plaintiff's income and employment. (Pl. Compl. at ¶ 162.) Deutsche Bank then transferred the allegedly "false mortgage documents" to Homeq, and misrepresented (to whom is not clear from the allegation) unidentified "facts" regarding Plaintiff's income and employment. (Id. at ¶¶ 163-165). Finally, the Plaintiff alleges that Deutsche Bank allegedly misrepresented to Plaintiff unidentified "facts" regarding unidentified "information" relied on by Homeq in their collection efforts against the Plaintiff, and caused plaintiff to act to his detriment by misrepresenting and concealing "material facts about what information was used and relied on" by the loan originator, New Century Mortgage, in approving the Plaintiff's loan. (Id. at ¶¶ 166-167.) Counts Nineteen and Twenty-Three allege claims of defamation against Deutsche Bank and Ocwen, respectively, for communicating financial information about the Plaintiff to "third parties, including but not limited to all three major credit bureaus." (Id. at ¶¶ 174 and 205.) Count Twenty alleges a claim of violation of the Connecticut Unfair Trade Practices Act against Deutsche Bank for "unfair methods of competition as well as unfair and deceptive acts or practices" including selling the Plaintiff's mortgage to Homeq and transmitting the Plaintiffs financial information along with the mortgage. (Id. at ¶ 180.) Counts Twenty-One and Twenty-Two allege claims of negligence against Deutsche Bank and Ocwen, respectively, for filing to "verify" the Plaintiff's financial information, thereby causing the Plaintiff to be defamed, (Id. at .¶¶ 190-193), and for the "republishing of known falsities to third parties, including but not limited to major credit bureaus." (Id. at ¶ 205.) Count 24 alleges a claim of violation of CUTPA against Morgan Stanley for "providing liquidity to originators of 'subprime' mortgage loans including defendant New Century" while allegedly "knowing that defendant New Century was engaged in illegal, negligent and predatory lending." (Id. at 211.) Finally, Count 25 alleges a claim of negligence against Morgan Stanley based on its alleged agreement to fund the New Century Mortgage "while knowing said loan did not comport with standard and accepted lending and underwriting preferences." (Id. at ¶ 230.).

7

determination. This Court should apply res judicata to bar these claims, should there be any basis to assert subject matter jurisdiction.

### III.     THE FDCPA CLAIMS ARE TIME BARRED

Any FDCPA claims under any Counts based upon an assignment dated May 10, 2010 is time barred. The statute of limitations under the FDCPA is one year. 15 U.S.C. §1692k(d). May v. Asset Acceptance, LLC, 2013 U.S. Dist. LEXIS 45861 (W.D.N.Y. Mar. 28, 2013). This suit was filed more than one year after May 10, 2010. (See Complaint, para. 9, 42, 43, 46).

### IV.     THE PLAINTIFF HAS ONLY ONE STATUTORY RECOVERY UNDER THE FDCPA.

The Plaintiff is only permitted one statutory award under the FDCPA, even if there are multiple violations alleged, as set forth in counts one through four.

> The FDCPA clearly states that additional damages "in the case of any action by an individual" shall not "exceed $1,000." 15 U.S.C. §1692k(a)(2)(A) (1988). The FDCPA does not on its face authorize additional statutory damages of $1,000 per violation of the statute, of $1,000 per improper communication, or of $1,000 per alleged debt. If Congress had intended such limitations, it could have used that terminology. "Because Congress instead chose to write that additional damages would be limited to $1,000 per "action," we agree with the district court that "the plain language of section 1692k(a)(2)(A) provides for maximum statutory damages of $1,000." Harper, 768 F.Supp.at 819.

Harper v. Better Business Servs., Inc., 961 F.2d 1561, 1563 (11th Cir. Ga. 1992); Milton v. Rosicki, Rosicki & Associates, PC., 2007 U.S. Dist. Lexis 56872 (E.D.N.Y. Aug. 3, 2007).

### V.      THE CUTPA CLAIMS SHOULD BE DISMISSED.

CUTPA does not apply to lawyers or law firms, except to the extent they are engaged in the entrepreneurial aspects of the practice of law, such as advertising. "We previously have concluded that CUTPA does not provide a private cause of action against an attorney by his client's opponent because such a cause of action would infringe unduly on the attorney-client

relationship. See, Larsen Chelsey Realty Co. v. Larsen, 232 Conn. 480, 495-96, 656 A.2d 1009 (1995). We also have concluded that "the entrepreneurial aspects of the practice of law, such as attorney advertising, remain well within the scope of CUTPA." Id., 496 n.19. Updike, Kelly & Spellacy, P.C. v. Beckett, 269 Conn. 613, 656 (Conn. 2004). Accordingly, all CUTPA allegations against the firm and Milne should be dismissed. None of the allegations of this case addresses anything but conduct in the practice of law defending or otherwise representing a client.

### VI. THE FRAUD CLAIMS HAVE NOT BEEN PLEAD WITH PARTICULARITY

The Plaintiff purports to allege a claim of common-law fraud against the firm and Milne. Under Connecticut law:

> The essential elements of an action in common law fraud, as we have repeatedly held, are that: (1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the other party to act upon it; and (4) the other party did so act upon that false representation to his injury.

Weisman v. Kaspar, 233 Conn. 531, 539 (Conn. 1995). "In alleging fraud . . . , a party must state with particularity the circumstances constituting fraud . . . ." Fed R. Civ. P. 9(b). Conclusory statements are insufficient to meet the Rule 9(b) pleading requirements. In re Carter-Wallace, Inc. Sec. Litig., 220 F.3d 36, 40 (2d Cir. 2000). "We have explained that in order to comply with Rule 9(b), 'the complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" Lerner v. Fleet Bank, N.A., 459 F.3d 273, 290 (2d Cir. N.Y. 2006) (quoting Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir. 1993)). In short, the Rule requires that a plaintiff "set forth the who, what, when, where and how of the alleged fraud" United States ex rel. Resnick v. Weill

Med. College of Cornell Univ., No. 04-cv-3088, 2010 U.S. Dist. LEXIS 11019 (S.D.N.Y. Jan. 21, 2010).

### VII. THE SLANDER OF TITLE CLAIM SHOULD BE DISMISSED.

Count Eight purports to allege a cause of action for slander of title. A cause of action for slander of title consists of the uttering or publication of a false statement derogatory to the plaintiff's title, with malice, causing special damages as a result of diminished value of the plaintiff's property in the eyes of third parties. The publication must be false, and the plaintiff must have an estate or interest in the property slandered. Pecuniary damages must be shown in order to prevail on such a claim." (Internal quotation marks omitted.) Gilbert v. Beaver Dam Ass'n of Stratford, 85 Conn. App. 663, 672-673 (2004). There is also a requirement that the plaintiff demand that the instrument or deed recorded be released before filing the suit. "[S]lander of title is a falsehood published to third parties that is not withdrawn after a demand by the titleholder, which impugns the basic integrity or creditworthiness of an individual or a business ... It follows, therefore, that A may bring an action for slander of title when B improperly records a mortgage against the deed to A's home and does not correct such an impropriety upon A's demand." (Citation omitted, emphasis added.) Bellemare v. Wachovia Mortgage Corp., 284 Conn. 193, 202, 931 A.2d 916 (2007). An allegation that one who was slandered demanded that the attachment be released, and the slanderer refused to do so, is a necessary element for a slander of title claim. TD Bank, N.A. v. Alden Design, Inc., 2010 Conn. Super. LEXIS 582, judicial district of New Britain, No. CV 09-5013469 (Conn. Super. Ct. Mar. 4, 2010, Trombley, J.). Even construing the facts in the counterclaim most favorably to the defendant LLC, the court finds that the defendant LLC has failed to allege that it made a demand for the encumbrance to be

removed, and therefore, its claim for slander of title is legally insufficient. As a result, the first count of the defendant LLC's counterclaim must be stricken. GMAC Mortg., LLC v. Tornheim, 2011 Conn. Super. LEXIS 2565, 12-13 (Conn. Super. Ct. Oct. 6, 2011).

More importantly, there is no specific factual allegation about what is claimed to be "false" with respect to the assignment of mortgage. No allegation has been made that the assignee of the mortgage is incorrect, nor anything else. The allegations as set forth are insufficient and the slander of title claim should also be dismissed.

### VIII. ANY NEGLIGENCE CLAIMS ARE BARRED BECAUSE THE DEFENDANTS DO NOT OWE A DUTY TO THE PLAINTIFF.

Count Seven of the complaint alleges negligence. The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury. . . . Contained within the first element, duty, there are two distinct considerations. . . . First, it is necessary to determine the existence of a duty, and then, if one is found, it is necessary to evaluate the scope of that duty. . . . The existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand. . . . If a court determines, as a matter of law, that a defendant owes no duty to a plaintiff, the plaintiff cannot recover in negligence from the defendant. . . .Jarmie v. Troncale, 306 Conn. 578, 589 (2012). The Defendants, Hunt Leibert & Milne, have not been alleged to owe any duty to the Plaintiff, Melvin Thompson, a borrower. While it is true that Milne and the firm owe a duty to their clients, Mr. Thompson is an adversary in prior litigation and no duty is owed to an opponent in litigation. The Supreme Court, in declining to extend CUTPA liability to the attorney for the plaintiff's opponent, stated: "Imposing liability under CUTPA on attorneys for their representation of a party opponent in litigation would not comport with a lawyer's duty of

11

undivided loyalty to his or her client." Jackson v. R.G. Whipple, Inc., 225 Conn. 705, 729, 627 A.2d 374 (1993).

A lender has the right to further its own interest in a mortgage transaction and is not under a duty to represent the customer's interest. Cooper v. Burby, 1992 Conn. Super. LEXIS 1203, Superior Court, judicial district of Hartford-New Britain, Docket No. 387563 (April 29, 1992). Southbridge Assocs., L.L.C. v. Garofalo, 53 Conn. App. 11, 19 (Conn. App. Ct. 1999).

Accordingly, any negligence claims should be dismissed.

**RESPECTFULLY SUBMITTED,**
**THE DEFENDANTS,**
**HUNT LEIBERT JACOBSON &**
**GEOFFREY K. MILNE**

By: _____
Geoffrey K. Milne, Esq. (ct12854)
Hunt Leibert Jacobson, P.C.
50 Weston Street
Hartford, CT 06120
Phone: (860) 240-9140
Fax: (860) 240-9240
Email: gmilne@huntleibert.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2013, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System. This will further certify that a copy of the foregoing has been mailed, postage prepaid, of even date herewith to the following:

Mel Thompson
58 Marshall Lane
Derby, CT 06418
Email: mel@melvinthompson.com

By: _____
Geoffrey K. Milne, Esq. (ct12854)
Hunt Leibert Jacobson, P.C.
50 Weston Street
Hartford, CT 06120
Phone: (860) 240-9140
Fax: (860) 240-9240
Email: gmilne@huntleibert.com