## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

-------------------------------------------------------------------x

**MEL THOMPSON**

Case No.  3:13 CV 00386 (JCH)

**Plaintiff**

-against-

April 17Th  2013

**Ocwen Financial Corporation, et al**

-------------------------------------------------------------------x

**Defendants**

FILED

2013 APR 17 P 12: 30

U.S. DISTRICT COURT
BRIDGEPORT, CONN

**PLAINTIFFS MEMORANDUM OF LAW IN SUPPORT OF HIS OBJECTION TO DEFENDANTS HUNT, LEIBERT, JACOBSON P.C. AND GEOFFREY K. MILNE MOTION TO DISMISS**

**ORAL ARGUMENT REQUESTED**
**TESTIMONY REQUIRED**

# TABLE OF CONTENTS

## AUTHORITIES

### FEDERAL RULES

Fed. R. Civ P. 8 (a) (2).

FRCP 12 (b) (1) and

FRCP 12 (b) (6)

Fed. R. Civ.P. 15 (1) (b)

 Fed. R. Civ. P. 16(b)(2).

Fed. R. Civ.P. 16(b)(3)(A).

### LOCAL RULES

Local Rule 7 (f)

### TREATISE

Federal Practice and Procedure Wright and Miller 5A pp344-345 §1357)

Restatement (Second) of Judgments § 13 (1982)

Restatement (Second) of Judgments § 24

Am Jur 2d. Vol. 17a pg 261, §257

Page, Contracts (2d Ed.) § 1026.

7 Moore's Federal Practice, 2d ed., p. 512, 60.23

## CONNECTICUT STATUTES

CGS 47-33f

CGS 47-33g

C.G.S. SEC. 52-595

C.G.S. 52-577

## CASE LAW

U.S. v. Uvalde Consolidated Independent School District, 451 U.S. 1002. (1981)

Conley v. Gibson, 355 U.S. 41 (1957)

Maty v. Grasselli Chemical Co., 303 U.S. 197 (1938)

Barrett v. Tallon , 30 F. 3$^d$ 1296, 1299 ( 10th Cir, 1994)

Mid America Title Co v. Kirk, 991 F. 2d 417; 421 (7th Cir 1993)

Dalan/Jupiter, Inc. v Draper & Kramer, Inc., 372 Ill App 3d 362, 369 (1st D, 2007).

Borcherding v Anderson Remodeling Co., Inc., 253 Ill App 3d 655 (2nd D, 1993).

Hudson v City of Chicago, 228 Ill 2d 462, 889 NE2d 210 (Ill, 2008).

Mountain States Mortg. Center, Inc. v Allen, 257 Ill App 3d 372 (1st D, 1993))

Hanna v Read, 102 Ill 596 (Ill, 1882).

The People of the State of Illinois v. Fred E. Sterling, 357 Ill. 354; 192 N.E. 229 (1934)

Allen F. Moore v. Stanley F. Sievers, 336 Ill. 316; 168 N.E. 259 (1929)

In re Village of Willowbrook, 37 Ill.App.2d 393 (1962)

Dunham v. Dunham, 57 Ill.App. 475 (1894), affirmed 162 Ill. 589 (1896);

Skelly Oil Co. v. Universal Oil Products Co., 338 Ill.App. 79, 86 N.E.2d 875, 883-4 (1949)

Thomas Stasel v. The American Home Security Corporation, 362 Ill. 350; 199 N.E. 798 (1935).

Bulloch v. United States, 763 F.2d 1115, 1121 (10th Cir. 1985),

Kenner v. C.I.R., 387 F.3d 689 (1968);

G & C Merriam Co v. Saalfield,  36 S. Ct. 477, 480, 241 U.S. 22, 28, 29, 60. L. Ed. 868. (1916)

Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 13 (2d Cir. 1986).

Commercial Union Insurance Co. v. Lord and Shuman 3:03CV1046(DJS)(2003).

Albany Insurance Company v. Horak, No. CV-92-2157, 1993 WL 269620, at *8 (E.D.N.Y. Jul. 13, 1993)

Weil v. Neary, 278 U.S. 160, 73 L Ed 243, 49 S Ct 144.

Smith v. David B. Crockett Co., 85 Conn. 282, 287, 82 A. 569;

Roberts v. Criss, 266 F. 296, 301; 2

G & C Merriam Co v. Saalfield,  36 S. Ct. 477, 480, 241 U.S. 22, 28, 29, 60. L. Ed. 868. (1916)

Lienfactors, LLC v. Martine Belamour CV 065002622S

Suffield Development Associates Ltd. Partnership v. National Loan

Investors, L.P., 260 Conn. 766, 781, 802 A.2d 44 (2002).

Haynes v. Yale-New Haven Hospital,

243 Conn. 17, 34, 699 A.2d 964 (1997).

Sovereign Bank v. Licata, 116 Conn.App. 483, 493-94, 977 A.2d 228, cert. granted, 293 Conn. 935, 981 A.2d 1080 (2009).

Lucas B. Stone et al. v. Norman A. Pattis et al. FSTCV095011515S (April 21, 2010)

I.     **INTRODUCTION**

II.  **STANDARD OF REVIEW**

III. **NONE OF THE PREVIOUS ACTIONS CITED IN THE MOTION AND MEMO OF DEFENDANTS HAVE THE SAME CAUSES OF ACTION THAT HAVE BEEN PLEADED IN THIS ACTION.**

IV. **THE PLAINTIFF HAS STANDING TO BRING THIS CASE**

a.   CHAPTER 7 BANKRUPTCY CASE CITED 11-32924 INCLUDED AN ORDER ON MARCH 14, 2012 APPROVING THE NOTICE OF ABANDONMENT FILED BY TRUSTEE BARBARA KATZ

b.   CHAPTER 7 BANKRUPTCY CASE CITED 11-32924 IS NO BAR TO ANY POST PETITION FILING WHICH THIS CASE IS

c.   CHAPTER 7 BANKRUPTCY CASE CITED 11-32924 RESULTED IN A DISCHARGE OF THE DEBTOR ON JULY 31, 2012 AND THUS NO ASSETS ARE IN THE CONTROL OF THE BANKRUPTCY COURT.

V.  **NONE OF THESE FEDERAL CLAIMS AS PLEADED HAVE BEEN ADJUDICATED IN ANY PREVIOUS CASE AND THUS COLLATERAL ESTOPPEL AND RES JUDICATA DO NOT APPLY TO THESE DEFENDANTS.**

VI. **AT NO TIME PRIOR TO DECEMBER 2012 DID THE PLAINTIFF HAVE ANY KNOWLEDGE OF THE MAY 11, 2010 ASSIGNMENT THUS THE STATUTE OF LIMITATIONS WAS EXTENDED AS A MATTER OF LAW AND FACT**

VII.   **THE DEFENDANTS OWED THE PLAINTIFF A DUTY AS OFFICERS OF THE COURT TO NOT ENGAGE IN THE CONCEALMENT OF A FRAUD AND THUS THE NEGLIGENCE CLAIMS MUST STAND**

a.   PRIOR SETTLEMENT AGREEMENTS WERE BASED ON CONCEALED FRAUD

b.   THE DEFENDANTS DECISION TO FACILITATE THE ASSIGNMENT WAS PART OF CONCEALING THE FRAUDULENT NATURE OF THE ENTIRE DEBT

c.   PUBLIC POLICY DICTATED THAT THE DEFENDANTS IN THEIR ROLE AS ATTORNEYS OWED A DUTY OF CARE TO THE PLAINTIFF.

VIII.  **THE FDCPA CLAIMS WERE NEVER ADJUDICATED IN ANY PREVIOUS ACTION AND THEY RELATE DIRECTLY TO THE MAY 11, 2010 CONCEALED FRAUDULENT ASSIGNMENT**

IX.   **THE CUTPA CLAIMS APPLY TO THE DEFENDANTS BECAUSE THEY WERE NOT ENGAGED IN A LAW SUIT WHEN THIS ACTION WAS FILED**

X.   **THE FRAUD CLAIMS HAVE BEEN PLEADED SUFFICIENTLY AND WHERE THEY HAVE NOT THE PLAINTIFF HAS UNTIL MAY 19 TO AMEND HIS COMPLAINT**

XI.   **THE SLANDER OF TITLE CLAIM HAS NEVER BEEN ADJUDICATED, IS ONGOING AND CONTINUES TO CAUSE DAMAGE TO THE PLAINTIFF**

XII.   **CONCLUSION**

## I.    INTRODUCTION

The plaintiff in the above referenced mater does hereby object to the FRCP 12 (b) (1) and FRCP 12 (b) (6) motion to dismiss the claims against two of the defendants, namely Hunt, Leibert, Jacobson P.C. and Geoffrey K. Milne.

Said motion to dismiss is riddled with inaccuracies that are purposeful in an attempt to mislead the court. Due to the lack of accuracy as to the status of the plaintiffs previous chapter 7 Bankruptcy and which claims have been previously adjudicated the motion must fail as a matter of fact and law.

None of the defenses, facts or elements that would lead to a dismissal of this case at this early juncture by these two defendants can be tied to any facts as will be proven in this memo and corroborated with the attached exhibits.

## II. STANDARD OF REVIEW

Pursuant to 12 (b) (6) of the FED. R. CIV. P., a case can be dismissed for failure to state a claim upon which relief can be granted. As a practical matter, a dismissal under 12 (b) (6) is likely to be granted only in the **unusual case** in which plaintiff includes allegations that show on the face of the complaint  that there is some insuperable bar to relief. (see Federal Practice and Procedure Wright and Miller 5A pp344-345 §1357) also U.S. v. Uvalde Consolidated Independent School District, 451 U.S. 1002. (1981)

In the instant case there is no such bar. In Conley v. Gibson, 355 U.S. 41 (1957)  the Supreme court stated "in appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a

claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.". Each and every allegation can be and will be proven by the plaintiff by either physical evidence and or testimony of witnesses. Given that time is required in order to allow for proper discovery and the fact that the instant case is still in its early stages,  no such discovery has been conducted to this point, and thus a dismissal under 12 (b) (6) is unjustified.

The plaintiffs only obligation in the complaint (which he has met)  is to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief", <u>Fed. R. Civ P. 8 (a) (2).</u> The plaintiff (as the defendants insist the plaintiff must) is not obligated to prove any of the allegations at the time the complaint is filed ("the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his Claim").

To the contrary, all the Rules require is "a short and plain statement of the claim" which the plaintiff has provided. (see <u>Conley v. Gibson, 355 U.S. 41 (1957) .</u> see also <u>Maty v. Grasselli Chemical Co., 303 U.S. 197 (1938)</u> which held  "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits". See also <u>Barrett v. Tallon , 30  F. 3$^{d}$ 1296, 1299 ( 10th Cir, 1994)</u> and <u>Mid America Title Co v. Kirk, 991 F. 2d 417; 421 (7th Cir 1993)</u> which held "consistent with obligation to construe complaints liberally, the pleader is not required to identify a specific legal theory and labeling the complaint with an incorrect legal theory is not fatal".

The Motion of the defendants to dismiss the plaintiffs complaint should be denied in its entirety because the pleading standard has been met by the plaintiff sufficiently enough to place the defendants on notice as to what the claims of the plaintiff are in order to facilitate a proper decision on the merits. The plaintiff was not required to file a memorandum of law with his complaint where he would expand on every exact legal theory that his claims are dependent. To the contrary, all the Rules require is "a short and plain statement of the claim" which the plaintiff has provided. For these and all other reasons as set forth herein, the motion to dismiss by defendants Hunt, Leibert, Jacobson P.C. and Geoffrey K. Milne must be denied in total the objection thereto must be sustained in total.

### III.  NONE OF THE PREVIOUS ACTIONS CITED IN THE MOTION AND MEMO OF DEFENDANTS HAVE THE SAME CAUSES OF ACTION THAT HAVE BEEN PLEADED IN THIS ACTION.

A simple examination of the causes of action in the cases cited by the defendants show conclusively that they are different from the claims as pleaded in this action. Secondly, the claims in this action flow directly from the acts of the defendants on or about May 11, 2010. Third, the only connection between this case and those cited by the defendants is a the subject property yet the dates where the violations of law that gave rise to this case are later than those that triggered the other cases.

The doctrine of res judicata only bars further action in such cases where the facts, issues and parties are the same. Dalan/Jupiter, Inc. v Draper & Kramer, Inc., 372 Ill App 3d 362, 369 (1st D, 2007).

Where these elements are not all present and clear a court should not rush to judgment, but apply a equitable approach to balancing questions of fairness in its application of Res Judicata. Borcherding v Anderson Remodeling Co., Inc., 253 Ill App 3d 655 (2nd D, 1993).

In fact a determining whether or not Res Judicata is applicable to a particular case are the actual causes of action not those that have similar parts of previous cases. Many recent cases identify the cause of action as the significant point of issue. Hudson v City of Chicago, 228 Ill 2d 462, 889 NE2d 210 (Ill, 2008).

Res judicata does not exist as a blanket defense to any action brought at any time between the same parties into perpetuity. In fact defendants Hunt, Leibert, Jacobson P.C. and Geoffrey K. Milne have never been sued by the plaintiff and therefore cannot even raise Res Judicata as a defense. The purpose of this doctrine is to prevent people more than one "bite at the apple." ( see Mountain States Mortg. Center, Inc. v Allen, 257 Ill App 3d 372 (1st D, 1993)) not to act as a preemptive defense to actions that have never been brought or that may happen. (also see Hanna v Read, 102 Ill 596 (Ill, 1882).

There is no prohibition to filing claims that are new even though other previous claims may have involved the same property of some of the same parties. The trigger is the action of the defendants in May of 2010 not the previous cases that were triggered long ago for different reasons with different parties.

Furthermore, the most important issue that has never been adjudicated is the validity of the mortgage itself. Because there has never been a determination on the validity of the mortgage and because the operative complaint at this time deals with an assignment that has never been adjudicated as valid then clearly Res Judicata does not apply to the instant case.

Finally, Collateral estoppel does not apply to the instant case for the same reasons. In fact the plaintiff was unaware of the assignment and had at no time ever brought any claim regarding this act by the defendants. In other words the plaintiff could not have brought a claim that was concealed from him, it is still within the statute of limitations and has never been adjudicated. Most telling is the fact that Hunt, Leibert, Jacobson P.C. and Geoffrey K. Milne. have never been sued by the plaintiff before and thus they have no standing to bring such a defense.

For these and all other reasons as set forth herein, the motion to dismiss by defendants Hunt, Leibert, Jacobson P.C. and Geoffrey K. Milne must be denied in total the objection thereto must be sustained in total.

## IV. THE PLAINTIFF HAS STANDING TO BRING THIS CASE

The defendants have presented as fact a known falsehood to this court. By claiming that there was no abandonment of cases where this plaintiff was a party prior to his bankruptcy, the defendants have tried to mislead the court. Due to the following facts and attached exhibits it is clear that the plaintiff has standing and is not prevented from his claims by the prior bankruptcy case.

### a. CHAPTER 7 BANKRUPTCY CASE CITED 11-32924 INCLUDED AN ORDER ON MARCH 14, 2012 APPROVING THE NOTICE OF ABANDONMENT FILED BY TRUSTEE BARBARA KATZ

It is clear from the record and the exhibits of the defendants that this is simply not the case and in fact Exhibit A proves that there was a filing by the Trustee Katz to abandon cases the plaintiff was either a plaintiff in or a counter claim plaintiff in and that this was actually approved by Judge Weill (Exhibit B).

This misleading filing by the defendants is par for the course given their long history of lies and illegal deeds that have earned them low esteem in the legal profession in Connecticut.

Simply put this was yet another example of these defendants using every lie at their disposal to steal yet another home from another person by committing a fraud upon the court.

"Fraud upon the court" makes void the orders and judgments of that court.

It is also clear and well-settled law that any attempt to commit "fraud upon the court" vitiates the entire proceeding. The People of the State of Illinois v. Fred E. Sterling, 357 Ill. 354; 192 N.E. 229 (1934) ("The maxim that fraud vitiates every transaction into which it enters applies to judgments as well as to contracts and other transactions."); Allen F. Moore v. Stanley F. Sievers, 336 Ill. 316; 168 N.E. 259 (1929) ("The maxim that fraud vitiates every transaction into which it enters ..."); In re Village of Willowbrook, 37 Ill.App.2d 393 (1962) ("It is axiomatic that fraud vitiates everything."); Dunham v. Dunham, 57 Ill.App. 475 (1894), affirmed 162 Ill. 589 (1896); Skelly Oil Co. v. Universal Oil Products Co., 338 Ill.App. 79, 86 N.E.2d 875, 883-4 (1949); Thomas Stasel v. The American Home Security Corporation, 362 Ill. 350; 199 N.E. 798 (1935).

Under Federal law, when any officer of the court has committed "fraud upon the court", the orders and judgment of that court are void, of no legal force or effect. Therefore in the instant case any ruling that considers and uses the written statements by the defendants that falsely claim that there has been no abandonment of law suits in the plaintiffs prior bankruptcy would be void.

To the best of the plaintiffs knowledge the defendants as lawyers are court officers. Whenever any officer of the court commits fraud during a proceeding in the court, he/she is engaged in "fraud upon the court". In <u>Bulloch v. United States, 763 F.2d 1115, 1121 (10th Cir. 1985),</u> the court stated "Fraud upon the court is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. ... It is where the court or a member is corrupted or influenced  or influence is attempted or where the judge has not performed his judicial function --- thus where the impartial functions of the court have been directly corrupted."

"Fraud upon the court" has been defined by the 7th Circuit Court of Appeals to "embrace that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." <u>Kenner v. C.I.R., 387 F.3d 689 (1968); 7 Moore's Federal Practice, 2d ed., p. 512, ¶ 60.23.</u> The 7th Circuit further stated "a decision produced by fraud upon the court is not in essence a decision at all, and never becomes final."

This was no accident. The defendants knew what they were doing when they filed this motion to dismiss with this misleading information and there intent was to commit a fraud upon this court.

For these and all other reasons as set forth herein, the motion to dismiss by defendants Hunt, Leibert, Jacobson P.C. and Geoffrey K. Milne must be denied in total the objection thereto must be sustained in total.

### b. CHAPTER 7 BANKRUPTCY CASE CITED 11-32924 IS NO BAR TO ANY POST PETITION FILING WHICH THIS CASE IS

The bankruptcy of the plaintiff included several pre petition law suits where the plaintiff was either the plaintiff or counter claim plaintiff. All were filed pre petition and thus became part of the bankruptcy estate.

Because of these facts there was no legal bar created by the bankruptcy code that would have denied the plaintiff the legal standing or right to file this case post petition.

For these and all other reasons as set forth herein, the motion to dismiss by defendants Hunt, Leibert, Jacobson P.C. and Geoffrey K. Milne must be denied in total the objection thereto must be sustained in total.

### c. CHAPTER 7 BANKRUPTCY CASE CITED 11-32924 RESULTED IN A DISCHARGE OF THE DEBTOR ON JULY 31, 2012 AND THUS NO ASSETS ARE IN THE CONTROL OF THE BANKRUPTCY COURT.

The instant case was filed post petition and 7 months after the plaintiffs discharged (Exhibit C) and was not part of the bankruptcy. Even if the bankruptcy estate had control over the civil actions filed by the plaintiff this oversight would have ended on July 31, 2012.

It is also important to point out that at no time did these defendants or any other defendants' enter an appearance in the Bankruptcy proceedings or bring a subsequent adversary against the plaintiff as a means to fight the discharge as it relates to the plaintiffs personal liability of any legal mortgage.

14

If this alleged debt in the form of a mortgage was legal then at a minimum the defendants would have wanted to prevent the plaintiff from obtaining a discharge and thus a total release from any legal obligation to pay for this alleged debt.

This the defendants did not do yet now they seek to use the bankruptcy as a way to prevent the plaintiff from fighting this fraudulent debt.

Finally the plaintiffs property could and would still be under the control of the bankruptcy court if these defendants at a minimum brought an adversary yet this they did not do. The discharge on July 31, 2012 effectively ended the Bankruptcy courts control over any property in interest to these defendants including the plaintiffs home.

For these and all other reasons as set forth herein, the motion to dismiss by defendants Hunt, Leibert, Jacobson P.C. and Geoffrey K. Milne must be denied in total the objection thereto must be sustained in total.

### V.  NONE OF THESE FEDERAL CLAIMS AS PLEADED HAVE BEEN ADJUDICATED IN ANY PREVIOUS CASE AND THUS COLLATERAL ESTOPPEL AND RES JUDICATA DO NOT APPLY TO THESE DEFENDANTS.

Judgments have a preclusive effect only on claims that have been adjudicated. G & C Merriam Co v. Saalfield,  36 S. Ct. 477, 480, 241 U.S. 22, 28, 29, 60. L. Ed. 868. (1916).

The claims as set forth in the instant complaint have never been adjudicated.

Many jurisdictions apply the transaction test set forth in *Restatement (Second) of Judgments* § 24  in order to determine if a claim should be precluded.

Section 24 defines the claim precluded by the judgment to include "all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose."

Defendants Hunt, Leibert, Jacobson P.C. and Geoffrey K. Milne were not parties to any of the previous actions and thus have no right to even plead that this action is somehow precluded as to them.

Secondly,  lawsuits cannot have preclusive effect until it has been *reduced to final* judgment. Restatement (Second) of Judgments § 13 (1982) Federal courts regard their judgments to be final even if the case is under appeal. In contrast, some state systems do not give finality to their judgments as long as there is a possibility that the outcome will be changed through appeal.

Once again it must be noted that none of these claims have been adjudicated, defendants Hunt, Leibert, Jacobson P.C. and Geoffrey K. Milne were not parties to any of the previous actions and there exist no final judgment as to these claims.

Finally, Only judgments on the merits are entitled to claim-preclusive effect. Judgments in favor of the plaintiff are considered to be on the merits, even if the judgment was rendered by default, stipulation between the parties, or summary judgment.

Judgments on the merits for defendants have the same preclusive effect. However there must be a judgment in favor of the same defendants whereas in the instant case defendants Hunt, Leibert, Jacobson P.C. and Geoffrey K. Milne were not parties to any of the previous actions.

For these and all other reasons as set forth herein, the motion to dismiss by defendants Hunt, Leibert, Jacobson P.C. and Geoffrey K. Milne must be denied in total the objection thereto must be sustained in total.

### VI. AT NO TIME PRIOR TO DECEMBER 2012 DID THE PLAINTIFF HAVE ANY KNOWLEDGE OF THE MAY 11, 2010 ASSIGNMENT THUS THE STATUTE OF LIMITATIONS WAS EXTENDED AS A MATTER OF LAW AND FACT.

The plaintiff had no knowledge that the defendants engaged in an assignment of the alleged mortgage. At no time in any of the prior actions was the plaintiff ever made aware that he in fact may have been filing suit on a mortgage that was not even assigned to the defendants in those cases. This fraudulent mortgage was not assigned until May 11, 2010 and the plaintiff did not discover this fact until December 2012. The assignment should have occurred in September or October 2003 yet it did not.

The defendants at no time provided any information to the plaintiff that would have allowed the plaintiff to discover this alleged valid assignment and bring suit upon it. In fact the defendants concealed its existence for two reasons that prevented a cause of action to be brought earlier.

First is the fact that all of the prior acts of the defendants including the collection of

payments made by the plaintiff were made to parties that never had a legal claim to them

prior to May 11, 2010. In other words they received payment without a valid assignment.

Second, if this fact had been known it would have allowed the plaintiff to add additional

counts against previous defendants.

In the instant case defendants Hunt, Leibert, Jacobson P.C. and Geoffrey K. Milne were

the facilitating attorneys for the assignment on May 11, 2010 and had actual knowledge

that prior to this time no assignment had been made and that the assignment in question

was fraudulent.

C.G.S. SEC. 52-595 clearly states that:

"If any person, liable to an action by another, fraudulently conceals from him the
existence of the cause of such action, such cause of action shall be deemed to accrue
against such person so liable therefore at the time when the person entitled to sue thereon
first discovers its existence".

The plaintiff maintains that he did not know of said fraudulent assignment until

December 2012. This places the statute of limitations within the guidelines of not only

52-595, but also C.G.S. 52-577 which states:

"No action founded upon a tort shall be brought but within three years from the date of
the act or omission complained of".

This complaint was filed in March of 2013 and the discovery of said fraud was in

December of 2012. Therefore the plaintiff met the requirements of 52-595, and 52-577.

For these and all other reasons as set forth herein, the motion to dismiss by defendants

Hunt, Leibert, Jacobson P.C. and Geoffrey K. Milne must be denied in total the objection

thereto must be sustained in total.

18

## VII.   THE DEFENDANTS OWED THE PLAINTIFF A DUTY AS OFFICERS OF THE COURT TO NOT ENGAGE IN THE CONCEALMENT OF A FRAUD AND THUS THE NEGLIGENCE CLAIMS MUST STAND

The assignment was based on a fraudulent mortgage and all of the efforts by defendants Hunt, Leibert, Jacobson P.C. and Geoffrey K. Milne and others were designed to conceal the fraud. The statute of limitations can only be applied to situations where there was a valid claim that was known to exist by the injured party. Where it is concealed the statute of limitations is controlled by C.G.S. 52-595, and C.G.S. 52-577. This concealment is part of a pattern and the introduction of prior settlement agreements by these defendants is part of a strategy to mislead the court.

### b.   PRIOR SETTLEMENT AGREEMENTS WERE BASED ON CONCEALED FRAUD

The plaintiff had no reasonable way of knowing that the documents relied upon by the underwriters at New Century Mortgage had been changed. From the moment the altered mortgage application entered what is known in the mortgage industry as the "pipe line", the entire transaction was void ab initio. In other words from the start it was based upon material misrepresentations of fact. Misrepresentations relied upon by New Century Mortgage to the financial benefit of all defendants and the financial detriment of the plaintiff.

The mortgage application without question is material and the genesis of this conflict. "The standard for disclosure is an objective one, that is, whether a reasonable person in the assured's position would know that the particular fact is material. . . . To be

19

material, the fact must be 'something which would have controlled the underwriter's decision' to accept the risk." Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 13 (2d Cir. 1986). Also see Commercial Union Insurance Co. v. Lord and Shuman

3:03CV1046(DJS)(2003).

If the mortgage application (1003) that was completed by the plaintiff and provided to Riordan and Accent had been given to New Century then the fraud would have been discovered. The controlling issue of whether or not the settlement agreements were valid is whether or not the underlying debt was valid. If said debt was created by material misrepresentations of fact relied on by New Century in its underwriting, then no enforceable debt including the right to collect said debt can exist.

An unenforceable debt cannot be assigned and the concealment of the assignment by defendants Hunt, Leibert, Jacobson P.C. and Geoffrey K. Milne as the facilitating attorneys for the assignment on May 11, 2010 even though they knew that the actual entire underlying debt that created the assignment was not valid was a continuation of the fraud.

b.     THE DEFENDANTS DECISION TO FACILITATE THE ASSIGNMENT WAS PART OF CONCEALING THE FRAUDULENT NATURE OF THE ENTIRE DEBT

As licensed attorneys who deal with mortgage related issues every day, the defendants Hunt, Leibert, Jacobson P.C. and Geoffrey K. Milne cannot reasonably say that they did not owe any duty to the plaintiff to assure that any assignment was of a valid debt.

In fact defendants Hunt, Leibert, Jacobson P.C. and Geoffrey K. Milne were in a much better position due to previous claims by the plaintiff to have investigated the validity of this alleged mortgage before they facilitated its assignment. In fact they had evidence from the other defendants and court claims going back as far as 2005 that would have raised concern unless there was a intent to conceal a fraud. (See Albany Insurance Company v. Horak, No. CV-92-2157, 1993 WL 269620, at *8

(E.D.N.Y. Jul. 13, 1993) (holding that a reasonable person in the insured's position would know that direct questions on an insurance application "would have controlled the underwriters decision to accept the risk.").

The defendant's have acted with direct knowledge of the actual fraud which created the opportunity for the assignment to even occur. Even with this they did nothing to investigate or assure that they were not engaging in the facilitation of a ongoing fraud.

Once the issue of the validity of said debt was even broached, any reasonable person and or entity would have verified said debt, this the defendants have failed to do and have at no time denied it. Their entire defense is based on settlement agreements that they know flow directly from a fraudulent debt that public policy and contract law do not recognize as valid. Public policy does not and cannot condone such conduct.

c.   PUBLIC POLICY DICTATED THAT THE DEFENDANTS IN THEIR ROLE
     AS ATTORNEYS OWED A DUTY OF CARE TO THE PLAINTIFF.

According to Am Jur 2d. Vol. 17a pg 261, §257, "as a general rule agreements against

public policy are illegal and void". (also see Weil v. Neary, 278 U.S. 160, 73 L Ed 243,

49 S Ct 144.

Secondly, a court will not grant any relief upon an agreement which is against public

policy, for that would be to lend its aid to an illegal transaction. *Smith* v. *David B.*

*Crockett Co.*, 85 Conn. 282, 287, 82 A. 569; and see *Roberts* v. *Criss*, 266 F. 296, 301; 2

Page, Contracts (2d Ed.) § 1026.

 If the plaintiff had the mortgage documents he could have moved for rescission or

another remedy years earlier, however said documents were kept from the plaintiff for

years by Riordan and Accent. The plaintiff had no way to have known that the

mortgage was based on fraudulent documents until it was too late. The defendants did

know, but have continued to press the plaintiff for money knowing that they would

benefit financially from a fraudulent transaction.

The defendants knew and know that the settlement agreements would not have existed if

not for the underlying fraud as proven by the documents themselves. Therefore as a

matter of law the alleged debt was void from the start and any attempt to collect it was a

furtherance of said fraud. These defendants are now claiming that if they as lawyers had

actual knowledge that a fraud for $140,000 existed or even may have existed they owed

no duty to investigate this possibility before they filed an assignment on real property

with a municipal government. It is clearly not the intent of the legal profession or public

policy to offer cover to the concealment of a fraud.

For these and all other reasons as set forth herein, the motion to dismiss by defendants

Hunt, Leibert, Jacobson P.C. and Geoffrey K. Milne must be denied in total the objection

thereto must be sustained in total.

## VIII.   THE FDCPA CLAIMS WERE NEVER ADJUDICATED IN ANY PREVIOUS ACTION AND THEY RELATE DIRECTLY TO THE MAY 11, 2010 CONCEALED FRAUDULENT ASSIGNMENT

As to the issue of the statute of limitations to bring an FDCPA action against the

defendants, the plaintiff was sent a letter on August 17,  2012 (Exhibit D)

and said letter is an attempt to collect an debt. At a minimum even the defendants must

acknowledge this fact. August 17, 2012 was less than one year ago and well within the 1

year statute of limitations.

Secondly the defendants concealed the FDCPA violations for two years from the plaintiff

when they facilitated the assignment and gave no notice to the plaintiff. If in fact the

plaintiff had an obligation to make payments to a new assignee then logically the plaintiff

should have been given notice yet this was not done.

23

Because there was clearly concealment on the part of the defendants C.G.S. 52-595, and C.G.S. 52-577 apply and thus the actual statute of limitations for prior FDCPA violations (excluding the August 17, 2012 (Exhibit D) violation) would be three years from December of 2012 and thus would be December 2015. Still this is a moot point given the August 17, 2012 letter (Exhibit D) because claims that flow from this are within the 1 year statute of limitations.

Finally as to any preclusive impact of the FDCPA claims on these defendants, there is none because there has never been a case or judgment related to these claims and

defendants. (see G & C  Merriam Co v. Saalfield,  36 S. Ct. 477, 480, 241 U.S. 22, 28, 29, 60. L. Ed. 868. (1916),  and *Restatement (Second) of Judgments* § 24)

Defendants Hunt, Leibert, Jacobson P.C. and Geoffrey K. Milne were not parties to any of the previous FDCPA actions and thus have no right to raise claim preclusion as a defense to any FDCPA claims by the plaintiff.

Once again it must be noted that none of these claims have been adjudicated, defendants Hunt, Leibert, Jacobson P.C. and Geoffrey K. Milne were not parties to any of the previous actions and there exist no final judgment as to these claims.

For these and all other reasons as set forth herein, the motion to dismiss by defendants Hunt, Leibert, Jacobson P.C. and Geoffrey K. Milne must be denied in total the objection thereto must be sustained in total.

IX.    **THE CUTPA CLAIMS APPLY TO THE DEFENDANTS BECAUSE WERE NOT ENGAGED IN A LAW SUIT WHEN THIS ACTION WAS FILED**

On January 31, 2011 in the case of Lienfactors, LLC v. Martine Belamour CV 065002622S it was held that "Accordingly, our Supreme Court significantly delimited CUTPA's coverage as to attorneys when it "conclude[d] that in a situation where a party to a lawsuit sues the adversary's lawyer, CUTPA does not provide a private cause of action." Id., 727-29"

In the instant case these specific defendants Hunt, Leibert, Jacobson P.C. and Geoffrey K. Milne have not been and were never sued by this plaintiff subsequent to any law suit where they were acting as attorneys for any other defendant. The carve out as set forth in Lienfactors, LLC v. Martine Belamour CV 065002622S is clear and excludes defendants Hunt, Leibert, Jacobson P.C. and Geoffrey K. Milne from immunity from suit under CUTPA.

Furthermore the role that defendants Hunt, Leibert, Jacobson P.C. and Geoffrey K. Milne played in facilitating the assignment of the fraudulent mortgage and demand letter of August 17,  2012 (Exhibit D)  were not done pursuant to their representation of the other defendants as their attorneys during the course of litigation thus the holding in Lienfactors, LLC v. Martine Belamour CV 065002622S controls.

25

In fact this was a part of what could other wise be described as ministerial duties and not litigation. However there is little doubt that there was a cost for these duties and therefore these actions fall under "the 'entrepreneurial' exception" which is a specific exception from CUTPA immunity for a well-defined set of activities-advertising and **bill collection**, for example."   Suffield Development Associates Ltd. Partnership v. National Loan Investors, L.P., 260 Conn. 766, 781, 802 A.2d 44 (2002).   "[T]he most significant question in considering a CUTPA claim against an attorney is whether the allegedly improper conduct is part of the attorney's professional representation of a client or is part of the entrepreneurial aspect of practicing law."   Haynes v. Yale-New Haven Hospital, 243 Conn. 17, 34, 699 A.2d 964 (1997).   Specifically, addressing the practice of law, "only the entrepreneurial aspects of the practice of law are covered by CUTPA." Sovereign Bank v. Licata, 116 Conn.App. 483, 493-94, 977 A.2d 228, cert. granted, 293 Conn. 935, 981 A.2d 1080 (2009).

In other words the process of facilitating the assignment, the filing of it on the land records and the collection letter to the plaintiff (Exhibit D) all fall under this exception. These acts without exception fall under the bill collection exception and even if they did not for some reason the defendants did not do this as an act of charity and in fact did earn money while engaged in a fraud which CUTPA is designed to rectify and prevent.

It was held in <u>Lucas B. Stone et al. v. Norman A. Pattis et al. FSTCV095011515S</u>

(April 21, 2010) that:

"The purpose of CUTPA is to protect the public from unfair practices in the conduct of any trade or commerce . In determining whether certain acts constitute a violation of CUTPA, our Supreme Court has adopted the criteria set out in the Federal Trade Commission's cigarette rule: (1)[W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, otherwise-whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [competitors or other businessmen]".

The actions of defendants Hunt, Leibert, Jacobson P.C. and Geoffrey K. Milne were

ministerial acts in the furtherance of a unfair practices in the conduct of trade and

commerce. In other words the laundering of a fraudulent mortgage from one set of

unclean hands to another hoping that the stench would dissipate. It has not.

The acts as set forth in the complaint as they pertain to these defendants clearly fall under

the exceptions to CUTPA as said exception pertains to Attorneys.

For these and all other reasons as set forth herein, the motion to dismiss by defendants

Hunt, Leibert, Jacobson P.C. and Geoffrey K. Milne must be denied in total the objection

thereto must be sustained in total.

## X.   THE FRAUD CLAIMS HAVE BEEN PLEADED SUFFICIENTLY AND WHERE THEY HAVE NOT THE PLAINTIFF HAS UNTIL MAY 19 TO AMEND HIS COMPLAINT

The defendants claim that the fraud claims have not been pleaded with sufficiency. This motion to dismiss preceded any discovery including a Rule 26 f conference. The courts scheduling order allows for the plaintiff to amend his complaint by May 19, 2013 so in fact the court has already provided the plaintiff with an opportunity that is date certain to cure any pleading defect.

In the alternative FRCP 15 provides:

(1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Pursuant to Federal Rule of Civil Procedure 16., district courts are generally required to issue scheduling orders in their cases as soon as practicable. Fed. R. Civ. P. 16(b)(2). and courts are required in a scheduling order to set a deadline for filing amended pleadings. Fed. R. Civ.P. 16(b)(3)(A).

Local Rule 7 (f) sets forth the standard as also including

"Any motion to amend a party's pleading under Fed. R. Civ. P. 15(a) that requires leave of court shall include a statement of the moving counsel that: (1) he or she has inquired of opposing counsel and there is agreement or objection to the motion"

The defendants have not filed an answer and thus FRCP 15 (1) (b) controls. The plaintiff has until May 2, 2013 to amend by rule and until May 19, 2013 by operation of order. In fact the defendants had until June 20, 2013 to file a motion to dismiss but chose to do so now even though the actual scheduling order #2 states the following:

"Order on Pretrial Deadlines: Motions to Dismiss due on 6/20/2013. Amended Pleadings due by 5/19/2013. Discovery due by 9/19/2013. Dispositive Motions due by 10/19/2013 Signed by Clerk on 3/20/2013.(Fazekas, J.)"

By rule, order and custom the plaintiff is entitled to amend his complaint and any dismissal of any claim including the fraud count prior to May 19, 2013 would be inequitable.

Finally, the other defendants have yet to make an appearance and it is clear that there is collusion among the defendants to see just how far defendants Hunt, Leibert, Jacobson P.C. and Geoffrey K. Milne can get in having the plaintiffs claims dismissed. It would be exceptionally unfair to not allow the plaintiff to obtain discoverable material from all defendants and to amend his complaint further after the other defendants appear. At that point the plaintiff would seek the courts permission to amend after May 19, 2013.

The plaintiff accepts the fact that the court would need to  deem that this would be justified. However no such request is ripe at this time and given the scheduling order and FRCP 15 as guides issue of sufficiency of pleading is premature.

For these and all other reasons as set forth herein, the motion to dismiss by defendants Hunt, Leibert, Jacobson P.C. and Geoffrey K. Milne must be denied in total the objection thereto must be sustained in total.

## XI.    THE SLANDER OF TITLE CLAIM HAS NEVER BEEN ADJUDICATED, IS ONGOING AND CONTINUES TO CAUSE DAMAGE TO THE PLAINTIFF

This count must be adjudicated prior to any dismissal to the extent that the defendants must argue that the filing was in fact that of a legal mortgage. Which is an issue that has never been decided by any court.

The merits of this claim can be determined by an evidentiary hearing whereby the court can review the originating documents and evidenced showing that no legal mortgage was ever established due to the fraud of the mortgage brokers (Accent Capital and its owner Terrence Riordan).

If the defendants can show conclusively that the mortgage was legally obtained and that the plaintiff agreed to its terms then the count must be struck. However the defendants cannot do this and they know this for if they could then they would have provided some evidence of this attached as an exhibit to their motion to dismiss.

Finally as to the issue of the plaintiff requesting a release prior to filing suit, this the plaintiff has done this and in all cases he has been refused. Further more there is no requirement to beg for a release of a fraudulent document due to the fact that the filing of such a document is illegal.

For these and all other reasons as set forth herein, the motion to dismiss by defendants Hunt, Leibert, Jacobson P.C. and Geoffrey K. Milne must be denied in total the objection thereto must be sustained in total.

## XII.   CONCLUSION

It is clear not from any persuasive arguments from the plaintiff but from the exhibits attached that the defendants have not shown a candor to this tribunal. They have more than stretched the truth, they have attempted to mislead this court.

None of the claims have ever been adjudicated as pleaded and none have ever been adjudicated against defendants Hunt, Leibert, Jacobson P.C. and Geoffrey K. Milne.

There was a clear and unambiguous order releasing all pre petition cases to the plaintiff to pursue plus the plaintiff received a discharge in bankruptcy that has no bearing on this or any other post petition case and the defendants know this.

The motion to dismiss is filled with so many obvious and purposeful misstatements debunked by the defendants own exhibits that it shocks the conscience.

The merits of the plaintiffs claims as they pertain to these two defendants and all others have never been adjudicated and there is no judgment that speaks to these exact claims against these exact defendants.

For these and all other reasons as set forth herein, the motion to dismiss by defendants Hunt, Leibert, Jacobson P.C. and Geoffrey K. Milne must be denied in total the objection thereto must be sustained in total.

MEL THOMPSON, J.D.
58 MARSHALL LANE
DERBY, CT 06418
855-735-3131
mel@melvinthompson.com

31

## CERTIFICATE OF SERVICE

The plaintiff hereby certifies that on April 17th 2013 the foregoing was served

upon the following defendants by first class mail:

Hunt, Leibert, Jacobson P.C.
50 Weston Street
Hartford, CT 06120

Geoffrey K. Milne
50 Weston Street
Hartford, CT 06120

Ocwen Financial Corporation
1661 Worthington Road, Ste 100,
West Palm Beach, Fl, 33409

William C. Erbey
1661 Worthington Road, Ste 100,
West Palm Beach, Fl, 33409

New Century Mortgage
18400 Von Karman, Suite 1000,
Irvine, Ca, 92612

Angel T. Berry
18400 Von Karman, Suite 1000,
Irvine, Ca, 92612

Deutsche Bank National Trust Company
60 Wall Street, Nyc60-4006,
New York, Ny, 10005

**MEL THOMPSON, J.D.**
**58 MARSHALL LANE**
**DERBY, CT 06418**
**855-735-3131**
**mel@melvinthompson.com**

32